IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 6:23-CR-00125-JDK |
| NATHANIEL WAYNE PEASLEY (1) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On March 17, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offenses of Possession of a Stolen Firearm, a Class C felony, Defendant Nathaniel Peasley, was sentenced on July 25, 2017, by United States District Judge David C. Guaderrama, Western District of Texas. The offense carried statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of IV, was 46 to 57 months. The Court sentenced Defendant to an imprisonment term of 38 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, alcohol abstinence, and mental health treatment. The Court sentenced Defendant below the guideline range pursuant to U.S.S.G. § 5K1.1. The Court revoked Defendant's term of supervised release on July 18, 2018, and sentenced Defendant to a 6-month term of imprisonment followed by a 30-month term of supervised release. Defendant completed his period of

1

imprisonment and started his second term of supervised release on January 13, 2023. Jurisdiction was transferred to the Eastern District of Texas on November 28, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on March 11, 2025, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant committed the new on-sight offense of Assault Causes Bodily Injury Family Member and Terroristic Threat on or around March 6, 2025. It is also alleged that Defendant committed the new on-sight offense of Public Intoxication and Theft on or around February 2, 2024.

2. **Allegation 2 (mandatory condition 3): The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk for future substance abuse by the defendant.** It is alleged that Defendant admitted to smoking from a vape pen that contained THC on or around September 12, 2023. It is also alleged that Defendant admitted to smoking marijuana and CBD products on or around June 4, 2024 and signed an admission statement.

3. **Allegation 3 (standard condition 3): The defendant shall not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant left the authorized judicial district on or around January 30, 2025, by going to Houston, Texas, and again on or around February 2, 2024, by being in Montgomery County, Texas.

4. **Allegation 4 (standard condition 9): If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.** It is alleged that Defendant was arrested by the Smith County Sheriff's Office on or around March 6, 2025, and he did not notify the probation officer of the arrest within 72 hours.

5. **Allegation 5 (special condition): The defendant shall not use or possess alcohol.** It is alleged that Defendant possessed or consumed alcohol on or around February 2, 2024, and again on or around March 6, 2025.

6. **Allegation 6 (special condition):** The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the cost of such treatment if financially able. It is alleged that Defendant failed to attend an integrated counseling session on January 30, 2025 with treatment provider Sherry Young.

7. **Allegation 7 (special condition):** The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after the program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the cost of testing if financially able. It is alleged that Defendant failed to submit to random drug testing as requested on July 25, 2024.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1.(a). Defendant's

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

original criminal history category was IV.  The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 6 to 12 months.

### *Hearing*

On March 17, 2025, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 10 months with no further term of supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true.  Defendant is guilty of a Grade C supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months with no further term of supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months with no further term of supervised release.  Any criminal monetary penalties previously ordered

in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Seagoville.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months with no further term of supervised release.

So ORDERED and SIGNED this 17th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE